UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD BOWERS,

Plaintiff,

v.                                          CAUSE NO. 3:22-CV-186-JD-MGG

COOK,

Defendant.

OPINION AND ORDER

Reginald Bowers, a prisoner without a lawyer, filed a complaint against Sgt.

Cook. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Bowers alleges that, on April 27, 2021, he was walking toward his dorm and saw

Sgt. Cook arguing with an offender. As he walked past, Bowers attempted to keep his

distance from Sgt. Cook and the offender without going into the grass, which is a

restricted area. The dog lunged at Bowers' arm and bit him. This pushed Bowers further

into the grassy area. Cook then lost his grip on the leash and the dog attacked again.

When the dog released him, Bowers was told to get off the ground. He claims Cook

subjected him to cruel and unusual punishment by neglecting his job. Bowers was charged with a conduct violation, but the charge was dismissed. In addition to the bite, Bowers indicates he injured his back while lunging away from the dog, and he has suffered emotional distress. He seeks monetary damages.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). The use of a dog can constitute excessive force on the part of the dog's handler. *See Becker v. Elfreich*, 821 F.3d 920, 925-27 (7th Cir. 2016); *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001). "[W]hether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Here, it cannot be plausibly inferred from the allegations in the complaint that Sgt. Cook acted maliciously or sadistically or with the purpose of causing harm. The allegations of the complaint instead suggest negligence or perhaps incompetence, but not a willful intention to harm. *See Kingsley v. Hendrickson*, 576 U.S. 389, 395–96, 135 S. Ct. 2466, 2472, 192 L. Ed. 2d 416 (2015) (finding, in the context of the Fourteenth

Amendment, that "if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim.").

This complaint does not state a claim for which relief can be granted. Nevertheless, Bowers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Reginald Bowers until **May 24, 2022**, to file an amended complaint; and

(2) CAUTIONS Reginald Bowers if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT