UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD BOWERS,

    Plaintiff,

    v.                                   CAUSE NO. 3:22-CV-186-JD-MGG

COOK,

    Defendant.

OPINION AND ORDER

Reginald Bowers, a prisoner without a lawyer, filed an amended complaint against Sgt. Cook. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bowers alleges that, on April 27, 2021, he was walking toward his dorm and saw K9 Sgt. Cook arguing with an offender. As he walked past, Bowers attempted to keep his distance from Cook, but Cook and his dog attacked him for no reason. Bowers asserts that Cook was angry at another offender and let the dog bite him. He says he could feel Cook loosening the grip so the dog could attack more. Bowers was charged with a conduct violation following the incident, but the charge was dismissed. He

suffered injuries from the bite and from lunging away from the dog, and he has suffered emotional distress. He seeks monetary damages.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). The use of a dog can constitute excessive force on the part of the dog's handler. *See Becker v. Elfreich*, 821 F.3d 920, 925-27 (7th Cir. 2016); *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001). "[W]hether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Here, it can be plausibly inferred from the facts alleged in the amended complaint that Cook acted maliciously or sadistically or with the purpose of causing harm. Further factual development may demonstrate that Cook was merely negligent, but at this stage of the case, the allegations of the amended complaint must be accepted as true.

For these reasons, the court:

(1) GRANTS Reginald Bowers leave to proceed against Sgt. Cook in his individual capacity for compensatory and punitive damages for uses excessive force against Bowers on April 27, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Cook at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 10);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Cook to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3